UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MARKEL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CHIMA'S TOW AND AUTOMOTIVE DBA CHIMA'S TOWING; HERMIT KAUR CHIMA; AMRIK S. CHIMA; and TEJINDER S. CHIMA,<br><br>Defendants. | No. 2: 18-cv-01115-KJM-DB<br><br><br>ORDER AND<br><br>ORDER TO SHOW CAUSE |
|---|---|

Daimien Hobbs has filed a motion to intervene in this declaratory relief action between an insurer and its insured. *See* Mot., ECF No. 13. Plaintiff opposed the motion, ECF No. 17, and Hobbs replied, ECF No. 18. For the foregoing reasons, the court DENIES Hobbs' motion, but without prejudice. At the same time, the court orders the parties to SHOW CAUSE why this action should not be stayed.

I. <u>INTERVENTION</u>

    A. <u>Legal Standard</u>

When an outside entity wishes to become a party to a lawsuit in progress, that entity may file a motion to intervene as provided by Rule 24 of the Federal Rules of Civil Procedure. Generally, to be admitted into the lawsuit, the intervenor must have an interest in the subject matter of the original suit. Rule 24 permits two types of intervention: intervention as of

right, and permissive intervention. Rule 24 subsection (a) governs intervention by right, and provides in part:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). Rule 24 subsection (b) governs permissive intervention, and provides in relevant part, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact in common." Fed. R. Civ. P. 24(b). Here, Hobbs cites only subsection (b) of Rule 24 as the basis for his intervention, so the court will analyze Hobbs' motion as one for permissive intervention under Rule 24(b) only.

The court's discretion to grant or deny Rule 24(b) permissive intervention is broad. *See Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (citation omitted). In this circuit, however, "there are three necessary prerequisites for allowing permissive intervention." *San Jose Mercury News v. United States Dist. Court*, 187 F.3d 1096, 1100 (9th Cir. 1999). These prerequisites include: (1) an independent ground for jurisdiction over the intervenor's claims; (2) a timely intervention motion; and (3) a common question of fact or law between the intervenor's claims and the main action. *Id.* (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997)). In addition to these three prerequisites, courts consider discretionary factors such as any assistance the intervening party could provide in the case, versus any delays or prejudice the proposed intervention could cause the original parties. *See Spangler*, 552 F.2d at 1329 (citing *Hines v. Rapides Parish School Bd.*, 479 F.2d 762, 765 (5th Cir. 1973)). Here, as explained below, in light of the record currently before the court, Hobbs does not get past the first factor of the three-factor test.

B. <u>Discussion</u>

The first of the three prerequisites for permissive intervention in this circuit concerns subject matter jurisdiction. "A party seeking permissive intervention . . . must establish

a basis for federal subject matter jurisdiction independent of the court's jurisdiction over the underlying action." *EEOC v. Nevada Resort Assoc.*, 792 F.2d 882, 886 (9th Cir. 1986) (citing Fed. R. Civ. P. 82 ("These rules shall not be construed to extend or limit the jurisdiction of the United States district courts . . . ."). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) (citation omitted). To that end, "a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" in order to confirm that all parties are diverse. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted); *see also Hunt v. Ross Dress for Less, LLC*, No. CV 15-00330 LEK-KSC, 2015 WL 9874143, at *4 (D. Haw. Sept. 17, 2015) (dismissing complaint with leave to amend because plaintiff failed to allege "where each Defendant is a citizen for purposes of diversity jurisdiction" such that the "Court cannot determine whether there is complete diversity of citizenship").

Hobbs alleges in conclusory fashion only that the court has independent jurisdiction over his case under 28 U.S.C. § 1332 (diversity jurisdiction), because "Proposed Intervenor is diverse from Plaintiff Markel Insurance Company and the amount in controversy exceeds $75,000." *See* Mem. of P. & A., ECF No. 13-1, at 3. Hobbs does not provide any more specific allegations, such as his state of citizenship. The Sacramento County Superior Court complaint he attaches to his request for judicial notice does not provide any information as to citizenship or amount in controversy either. *See* Req. for Judicial Not., Ex. A, ECF No. 13-2. As such, the court has no way of determining whether diversity jurisdiction exists, and Hobbs does not allege federal question jurisdiction. The motion is therefore DENIED with leave to amend this defect. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) (citing 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 568 n.3 (2d Cir. 2000) ("[A]n inadequate pleading does not in itself constitute an actual defect of federal jurisdiction.")).

/////

Because Hobbs does not adequately plead an independent source of jurisdiction, the court need not reach the remaining prerequisites for permissive intervention. Hobbs' motion to intervene is DENIED without prejudice.

II.      ORDER TO SHOW CAUSE

Even as the court denies Hobbs' motion, the information he has provided brings to the court's attention the possibility that Hobbs' case pending in Sacramento County Superior Court presents the same issue of state law as is presented in this federal declaratory relief action. *Compare* Req. for Judicial Not., Ex. A (Compl. filed in Sacramento County Superior Court) at 9 ("Second Cause of Action – Declaratory Relief . . . Plaintiff prays . . . [f]or a declaration that Defendant Chimas Towing borrowed, stored and maintained the subject Toyota Solar . . . and permitted Defendant Harmit Kaur Chima to operate said motor vehicle continuously thereafter . . . ."),[1] *with* Compl., ECF No. 1 at 8 ("Prayer for Relief: 1. For a judicial declaration that the Vehicle is not a "borrowed" vehicle as that term is used in the MIC Policy . . . .").

Under *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), "[w]here a district court is presented with a claim [for declaratory relief], it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Id.* at 495. The Ninth Circuit has outlined three considerations that primarily inform such a decision: the court "should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means for forum shopping; and it should avoid duplicative litigation." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc) (footnote and citation omitted). In addition, a court may consider "'whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata'

---

[1] To the extent necessary, the court takes judicial notice of the existence and contents of the complaint attached to Hobbs' request for judicial notice. Req. for Judicial Not., Ex. A. The court does not take judicial notice of the truth of the statements therein.

4

advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems.'" *Id.* at 1225 n.5 (quoting *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994)). Due to the apparent similarity between the state law questions in the pending state case and this case, the court ORDERS the parties to show cause why this case should not be stayed under *Brillhart*. *See* 316 U.S. at 485.

III. <u>CONCLUSION</u>

    1.    Mr. Hobbs' motion to intervene, ECF No. 13, is DENIED without prejudice.

    2.    The parties are ORDERED to show cause within 7 days why this case should not be stayed pending resolution of the relevant state court case.

    3.    The motion hearing currently scheduled for March 22, 2019 is VACATED and RESET for April 19, 2019. This continuance does not extend the deadline for defendants to have filed an opposition to plaintiff's motion for summary judgment, which was March 8, 2019.

IT IS SO ORDERED.

DATED: March 14, 2019.

                              UNITED STATES DISTRICT JUDGE