| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MARKEL INSURANCE COMPANY, | No. 2:18-cv-01115-KJM-DB |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| CHIMA'S TOW AND AUTOMOTIVE DBA CHIMA'S TOWING; HARMIT KAUR CHIMA; AMRIK S. CHIMA; and TEJINDER S. CHIMA, | |
| Defendants. | |

In this declaratory relief action between an insurer and its insured, the issue before the court is whether the court should sua sponte stay the case pending resolution of the related state court action involving defendants and a third party.

I. BACKGROUND

This suit arises out of an automobile accident involving Damien Hobbs, who was injured in the accident, and Harmit Kaur Chima, who was driving the Toyota Camry Solara ("the Toyota Solara" or "the vehicle") that is at issue in this case. *See* Compl., ECF No. 1, ¶ 1. On August 21, 2012, Hobbs filed suit against Harmit Chima and later amended his complaint to add defendants "Amrik S. Chima and Tejinder S. Chima dba Chima's Towing." *Id.* ¶¶ 18–20 (citing *Hobbs v. Harmit Kaur Chima, et al.*, Sacramento Superior Court, Case No. 34-2017-00217738 ("the *Hobbs* action" or "the state court action")). Hobbs alleges that, due to a defunct lien sale in

1

2012, Chima's Towing had borrowed the vehicle from its previous owner and then transferred it to Harmit Chima, and therefore neither Harmit Chima nor Chima's towing owned the vehicle in question. *Id.* ¶¶ 21–36.

On May 3, 2018, plaintiff Markel Insurance company, Chima's Towing's insurer, filed this action against the same defendants. *See generally* Compl. Plaintiff's complaint is for declaratory relief only, and requests that the court issue a judicial declaration that "the vehicle is not a 'borrowed' vehicle as that term is used in the Markel Insurance policy issued to Chima's Towing." *Id.* at 8. Plaintiff moved for summary judgment on February 22, 2019, ECF No. 14, and defendants filed an untimely opposition, *see* ECF No. 21 (filed March 14, 2019, due March 8, 2019 under L.R. 230(c)). On March 8, 2019, Hobbs filed a motion to intervene, ECF No. 13, and a request to continue the hearing on plaintiff's motion for summary judgment, alleging this action "is a clear attempt at collusion between [Markel Insurance] and the defendants . . . to deprive Hobbs of coverage," ECF No. 16 at 2. The court denied the motion to intervene on jurisdictional grounds, without prejudice, and issued an order to show cause why the case should not be stayed due to the ongoing state court action. ECF No. 20 (citing *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942)). Plaintiff responded to the order to show cause, ECF No. 23; as yet, defendants have not. For the reasons described below, the court sua sponte STAYS this action, pending resolution of the *Hobbs* action in state court.

II. <u>LEGAL STANDARD</u>

Under *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), "[w]here a district court is presented with a claim [for declaratory relief], it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Id.* at 495. The Ninth Circuit has outlined three considerations that primarily inform such a decision: the court "should avoid needless determination of state law issues"; "it should avoid duplicative litigation" and "it should discourage litigants from filing declaratory actions as a means for forum shopping." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) [hereinafter *Dizol*] (en banc) (footnote and citation omitted). In addition, a court may

consider "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems." *Id.* at 1225 n.5 (quoting *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994)).

III. DISCUSSION

Here, all three of the *Dizol* considerations counsel in favor of staying this case until the *Hobbs* action is resolved.

First, because the instant case is a contract dispute, the legal questions are based purely on state law. *See Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 474 (1989) ("[T]he interpretation of private contracts is ordinarily a question of state law"). By staying this case, the court would "avoid needless determination of state law issues," before the state court has had the chance to make factual determinations that could materially affect this court's analysis. *See Dizol*, 133 F.3d at 1225.

Second, this action requires resolution of a question that is duplicative of one of Hobbs' declaratory relief claims in the state court action. This court's determination of whether "the [Toyota Solara] is not a 'borrowed' auto within the scope of the [Markel policy]," Compl. at 8 (requesting declaratory relief), will require the court to determine whether Chima's Towing borrowed the Toyota Solara, a question central to Hobbs' action. *Compare* Req. for Judicial Not., Ex. A (Compl. filed in Sacramento County Superior Court) at 9 ("Second Cause of Action – Declaratory Relief . . . Plaintiff prays . . . [f]or a declaration that Defendant Chimas [sic] Towing borrowed, stored and maintained the subject Toyota Solara . . . and permitted Defendant Harmit Kaur Chima to operate said motor vehicle continuously thereafter . . . ."),[1] *with* Compl., ECF No. 1 at 8 ("Prayer for Relief: 1. For a judicial declaration that the Vehicle is not a "borrowed"

---

[1] To the extent necessary, the court has taken judicial notice of the existence and contents of the complaint attached to Hobbs' request for judicial notice. Order, ECF No. 20 at 4 n.1 (citing Req. for Judicial Not. Ex. A, ECF No. 13-2). The court does not take judicial notice of the truth of the statements therein.

vehicle as that term is used in the MIC Policy . . . ."). That this court is asked to determine whether the vehicle was "borrowed" as the term is used in an insurance policy does not change the analysis, because plaintiff concedes the term has no special or technical meaning. *See* Pl.'s Mot. for Summ. J., ECF No. 14, at 9 ("The terms 'lease, hire, rent or borrow' are not defined in the MIC Policy. Because there is no evidence the parties intended these terms to carry any technical meaning, 'the ordinary and popular meaning of the term[s] govern[].'"). Staying this case would therefore "avoid duplicative litigation." *See Gov't Emps. Ins. Co.*, 133 F.3d at 1225.

Finally, defendants in this case have admitted to every request for admission plaintiff has served and not opposed plaintiff's motion for summary judgment, raising a question in the court's mind whether the parties have manufactured this controversy for a strategic purpose, namely for the purpose of forum shopping or to obtain a "res judicata advantage" in Hobbs' state court action. *See* Pl.'s Mot. for Summ. J. Ex. 2 (Pl.'s Requests for Admission), ECF No. 14-4; Ex. 3 (Def.'s Responses to Pl.'s Requests for Admission), ECF No. 14-5; *see Gov't Emps. Ins. Co.*, 133 F.3d at 1225 & n.5.

Accordingly, under *Brillhart* and given the Ninth Circuit's guidance in *Government Employee's Insurance Company*, the court finds it appropriate to stay this case until the state court action is resolved. *See Brillhart*, 316 U.S. at 495; *Gov't Emps. Ins. Co.*, 133 F.3d at 1225 & n.5.

IV. CONCLUSION

1. The case is STAYED pending resolution of *Hobbs v. Harmit Kaur Chima, et al.*, Sacramento Superior Court, Case No. 34-2017-00217738.

2. All dates and deadlines, including the motion hearing currently scheduled for April 19, 2019, are hereby VACATED to be reset when the stay is lifted.

3. The parties are DIRECTED to file a joint status report within seven (7) days of resolution of the state court action, including any appeals.

IT IS SO ORDERED.

DATED: April 16, 2019.

_____
UNITED STATES DISTRICT JUDGE

4